IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:16cv12

| | |
|---|---|
| EDWARD D. WRIGHT, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) |
| | )   ORDER |
| CAROLYN W. COLVIN, | ) |
| Commissioner of Social Security, | ) |
| | ) |
|     Defendant. | ) |
| _____ | ) |

Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of the final decision by the Commissioner of Social Security ("Commissioner") denying Plaintiff's claim for disability benefits. This case is now before the Court on the parties' Motions for Summary Judgment. Upon a review of the record, the parties' briefs, and the relevant legal authority, the Court **DENIES** the Motion for Summary Judgment [# 17] and **GRANTS** the Motion for Summary Judgement [# 14].

    **I.**    **Procedural History**

Plaintiff filed an application for supplemental security income on January 28, 2013. (Transcript of Administrative Record ("T.") 131.) The application had a protective filing date of November 20, 2012. (T. 12, 129.) Plaintiff alleged an

-1-

onset date of November 1, 2011. (T. 131.) At the hearing before the ALJ, counsel amended the alleged onset date to November 20, 2012. (T. 12.) The Social Security Administration denied Plaintiff's claims. (T. 75-83.) Plaintiff requested reconsideration of the decision, which was also denied. (T. 84-95.) A disability hearing was then held before an Administrative Law Judge ("ALJ"). (T. 25-43.) The ALJ then issued a decision finding that Plaintiff was not disabled from November 20, 2012. (T. 20-21.) Plaintiff requested review of the ALJ's decision. (T. 8.) The Appeals Council denied Plaintiff's request for review. (T. 1-7.) Plaintiff then brought this action seeking review of the Commissioner's decision.

## II. Standard for Determining Disability

An individual is disabled for purposes of receiving disability payments if she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A); see also Mastro v. Apfel, 270 F.3d 171, 176 (4th Cir. 2001). The Commissioner undertakes a five-step inquiry to determine whether a claimant is disabled. Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005). Under this inquiry, the Commissioner must consider in sequence: (1) whether a claimant is gainfully employed; (2) whether a claimant has a severe

impairment that significantly limits his ability to perform basic work-related functions; (3) whether the claimant's impairment meets or exceeds the listing of impairments contained in Appendix I of 20 C.F.R. Part 404, subpart P; (4) whether the claimant can perform his past relevant work; (5) whether the claimant is able to perform any other work considering his age, education, and residual functional capacity.  Mastro, 270 F.3d at 177; Johnson, 434 F.3d at 654 n.1; 20 C.F.R. § 404.1520.

At the first two steps, the burden is on the claimant to make the requisite showing.  Monroe v. Colvin, 826 F.3d 176, 179 (4th Cir. 2016).  If a claimant fails to satisfy his or her burden at either of these first two steps, the ALJ will determine that the claimant is not disabled and the process comes to an end.  Mascio v. Colvin, 780 F.3d 632, 634-35 (4th Cir. 2015).   The burden remains on the claimant at step three to demonstrate that the claimant's impairments satisfy a listed impairment and, thereby, establish disability.  Monroe, 826 F.3d at 179.

If the claimant fails to satisfy his or her burden at step three, however, then the ALJ must still determine the claimant's residual functional capacity ("RFC").  Mascio, 780 F.3d at 635.  After determining the claimant's RFC, the ALJ proceeds to step four in order to determine whether claimant can perform his or her past relevant work.  Id.  The burden is on the claimant to demonstrate that he or she is

unable to perform past work.  Monroe, 826 F.3d at 180.  If the ALJ determines that a claimant is not cable of performing past work, then the ALJ proceeds to step five.  Mascio, 780 F.3d at 635.

At step five, the ALJ must determine whether the claimant can perform other work.  Id.  The burden rest with the Commissioner at step five to prove by a preponderance of the evidence that the claimant is capable of performing other work that exists in significant numbers in the national economy, taking into account the claimant's RFC, age, education, and work experience.  Id.; Monroe, 826 F.3d at 180.  Typically, the Commissioner satisfies her burden at step five through the use of the testimony of a vocational expert, who offers testimony in response to a hypothetical from the ALJ that incorporates the claimant's limitations.  Mascio, 780 F.3d at 635; Monroe, 826 F.3d at 180.   If the Commissioner satisfies her burden at step five, then the ALJ will find that a claimant is not disabled and deny the application for disability benefits.  Mascio, 780 F.3d at 635; Monroe, 826 F.3d at 180.

**III.    The ALJ's Decision**

In his July 22, 2014, decision the ALJ found that Plaintiff was not disabled under Section 1614(a)(3)(A) of the Social Security Act.  (T. 21.)  The ALJ made the following specific findings:

(1) The claimant has not engaged in substantial gainful activity since November 20, 2012, the application date (20 CFR 416.971 *et seq.*).

(2) The claimant has the following severe impairments: a schizophrenic disorder, anxiety-related disorders, a conduct disorder and a history of substance addition disorders (20 CFR 416.920(c)).

(3) The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926).

(4) After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations: he is limited to simple, routine, repetitive work; no public contact; and occasional contact with co-workers and supervisors but better with things than people.

(5) The claimant is capable of performing past relevant work as a stocker (unskilled work requiring medium exertion). This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 416.965).

(6) The claimant has not been under a disability, as defined in the Social Security Act, since November 20, 2012, the date the application was filed (20 CFR 416.920(f)).

(T. 14-20.)

**IV. Standard of Review**

Section 405(g) of Title 42 provides that a plaintiff may file an action in

federal court seeking judicial review of the Commissioner's denial of social security benefits. Hines v. Barnhart, 453 F.3d 559, 561 (4th Cir. 2006). The scope of judicial review, however, is limited. The Court "must uphold the factual findings of the Secretary if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996); see also Monroe, 826 F.3d at 186. "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Craig, 76 F.3d at 589 (internal quotation marks omitted). It is more than a scintilla but less than a preponderance of evidence. Id. When a federal district court reviews the Commissioner's decision, it does not "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the Secretary." Id. Accordingly, the issue before the Court is not whether Plaintiff is disabled but, rather, whether the Commissioner's decision that he is not disabled is supported by substantial evidence in the record, and whether the ALJ reached his decision based on the correct application of the law. Id.

## V. Analysis[1]

In determining whether a claimant is disabled, the ALJ considers any

---

[1] Rather than separately set forth the facts in this case, the Court has incorporated the relevant facts into its legal analysis.

medical opinions in the record together with the other relevant evidence. 20 C.F.R. § 404.1527(b). Medical opinions constitute statements from physicians and psychologist, as well as other acceptable medical sources, reflecting judgments about the nature and severity of the claimant's impairment, including the claimant's symptoms, diagnosis, and prognosis, what the claimant can still do despite his or her impairment, and the claimant's physical or mental restrictions. 20 C.F.R. § 404.1527(a)(2). In evaluating and weighing medical opinions, the ALJ considers: "(1) whether the physician has examined the applicant, (2) the treatment relationship between the physician and the applicant, (3) the supportability of the physician's opinion, (4) the consistency of the opinion with the record, and (5) whether the physician is a specialist." Johnson v. Barnhart, 434 F.3d, 653 (4th Cir. 2005); see also 20 C.F.R. § 404.1527. The ALJ, however, will give a treating source's opinion "controlling weight" where it "is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in your case record . . . ." 20 C.F.R. § 404.1527(c)(2); Mastro, 270 F.3d at 178. As the Fourth Circuit explained in Mastro:

> Thus, "[b]y negative implication, if a physician's opinion is not supported by clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight." Craig, 76 F.3d at 590. Under such circumstances, the ALJ holds the

> discretion to give less weight to the testimony of a treating physician in the face of persuasive contrary evidence. See Hunter, 993 F.2d at 35.

270 F.3d at 178.

Statements by medical sources that a patient is disabled, unable to work, or meets the listing requirements are not medical issues, but are administrative findings reserved for the Commissioner. SSR 96-5p, 1996 WL 374183 (Jul. 2, 1996); 20 C.F.R. § 404.1527(d). Because they are administrative findings, "treating source opinions on issues that are reserved to the Commissioner are never entitled to controlling weight or special significance." SSR 96-5p, 1996 WL 374183 (Jul. 2, 1996).

In addition, the ALJ must provide a good reason in the notice of the determination or decision for the weight he or she gives a claimant's treating source opinions. 20 C.F.R. § 404.1527(c)(2); SSR 96-2p, 1996 WL 374188 (Jul. 2, 1996). Social Security Ruling 96-2p further provides that:

> the notice of the determination or decision must contain specific reasons for the weight given to the treating source's medical opinion, supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight.

In contrast to the opinion of a treating source, the opinion of a consultative examiner is not entitled to controlling weight. See generally SSR 96-2P, 1996 WL 374188, at *2 (July 2, 1996). A consultative examiner is a nontreating medical

source. See 20 C.F.R. § 404.1502. As the pertinent regulation explains:

> Nontreating source means a physician, psychologist, or other acceptable medical source who has examined you but does not have, or did not have, an ongoing treatment relationship with you. The term includes an acceptable medical source who is a consultative examiner for us, when the consultative examiner is not your treating source.

20 C.F.R. § 404.1502. Of course, the ALJ may still give "great weight" to the opinion of a nontreating source and, under the right circumstances, may even find that it is entitled to greater weight than that of a treating source. See SSR 96-2P.

Plaintiff contends that the ALJ erred in considering the opinion evidence from Dr. Carol Counts Robinson. Dr. Robinson opined, based on approximately ten appointments with Plaintiff, that Plaintiff had significant mental limitations that would impact Plaintiff's ability to work. (T. 310-14.) For example, Dr. Robinson opined that Plaintiff's mental impairments would require that Plaintiff miss more than four days of work per month. (T. 314.) Dr. Robinson is both a nurse practitioner and a clinical psychologist with RHA Health Services, Inc. (T. 316.) Dr. Robinson has a PhD in clinical psychology from the University of Georgia. (T. 318.)

The ALJ gave the opinion of Dr. Robinson little weight, in part, because "Ms. Robinson is not considered an acceptable medical source in accordance with SSR 06-03p." (T. 17.) Although the Commissioner concedes that the ALJ erred

by not considering the opinion of Dr. Robinson as the opinion of an acceptable medical source, the Commissioner contends that remand is not required because the ALJ provided other grounds for assigning the decision little weight.

As a threshold matter, the Court finds that the ALJ's determination that the opinion of Dr. Robinson was not an acceptable medical source in and of itself requires remand. As the opinion of a treating medical source, the opinion of Dr. Robinson is entitled to controlling weight unless the ALJ specifically sets forth why controlling weight is not justified. 20 C.F.R. § 404.1527(c)(2); <u>Mastro</u>, 270 F.3d at 178. By failing to begin his analysis at this required starting point – that the opinion was entitled to controlling weight – the entire analysis is flawed, even if the ALJ did articulate a reason for assigning the opinion little weight.

Moreover, as Plaintiff correctly points out, the statement by the ALJ as to why he was assigning the opinion little weight was little more than a conclusory statement with no supporting reasoning or analysis. An ALJ must do more than simply state that a decision is not supported by the totality of the evidence of the record; the ALJ must create an analytical or logical bridge between the evidence in the record and his or her ultimate conclusion. This is the essence of legal writing. And without taking this analytical step, this Court is unable to conduct meaningful review without engaging in impermissible fact finding. See <u>Buchanan v. Colvin</u>,

1:14cv209, 2016 WL 485339, at * 4 (W.D.N.C. Jan. 19, 2016) (Howell, Mag. J.); see also Fox v. Colvin, 632 F. App'x 750, 755 (4th Cir. 2015). Finally, the need for more than a conclusory statement is all the more important in cases such as this where the record contains conflicting evidence, including several GAF scores ranging from 40 to 50, supporting Dr. Robinson's opinion. (See e.g. T. 223, 248, 266.) In cases such as these, the ALJ must do more than offer a conclusory statement that the evidence does not support the restrictions found by the treating source. Accordingly, the Court **GRANTS** the Motion for Summary Judgment [# 14] and **REMANDS** this case.

## VI. Conclusion

The Court **DENIES** the Motion for Summary Judgment [# 17] and **GRANTS** the Motion for Summary Judgement [# 14]. The Court **REMANDS** this case to the Commissioner for further proceedings consistent with this Order.

Signed: March 2, 2017

Dennis L. Howell
United States Magistrate Judge